IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN SALES COMPANY, INC., MEIJER, INC., MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE PLC, GSK,<br>Defendant. | CIVIL ACTION<br><br>NO. 08-CV-03149 |

## ORDER AND EXPLANATION

On January 10, 2009, Plaintiffs American Sales Company, Inc. ("American Sales"), Meijer, Inc., and Meijer Distribution, Inc. (collectively the "Direct Purchasers") filed a Motion for Class Certification. Defendant SmithKline Beecham Corp. d/b/a GlaxoSmithKline PLC ("GSK") notified the Court that it did not oppose this Motion. In support of their Motion, Direct Purchasers submitted a detailed Memorandum of Law and multiple expert reports justifying certification of the class proposed in their Motion.

After engaging in the exhaustive and independent analysis required before any class is certified, I issued an Order on November 10, 2010 certifying the unopposed class proposed by Direct Purchasers (Doc. 161). Eight days later, the parties jointly move to modify the definition of class that was certified because they apparently had agreed to a different class definition. Neither party has explained whether the Memorandum of Law and expert reports filed in support of the proposed class also apply to the substituted class. Neither party has explained how, if at

all, the conclusions I reached in my November 10, 2010 Order are affected by modifying the class definition. Because a court must engage in a rigorous analysis to assess whether a class satisfies the requirements of Fed. R. Civ. P. 23, and because I am unable to do so here, I **DENY** the Joint Motion to Modify Order Certifying Class (Doc. 163) without prejudice. Direct Purchasers may re-file the motion with supporting briefing showing that my analysis of the proposed class applies to the substituted class, and that the substituted class satisfies the requirements of Fed. R. Civ. P. 23.

## I. BACKGROUND[1]

On January 26, 2010, Direct Purchasers moved to certify the following class:

> all persons or entities in the United States and its territories who purchased and/or paid for Flonase nasal spray directly from Defendant (or any of its predecessors or affiliates) at any time from May 19, 2004 until the anticompetitive effects of Defendant's conduct ceased.

(the "Proposed Class"). In support of the Proposed Class, Direct Purchasers submitted a Memorandum of Law and several exhibits showing that the Proposed Class satisfied the requirements of Fed. R. Civ. P. 23.

On May 17, 2010, the Parties submitted a stipulation that Defendant would not oppose class certification (the "Stipulation"). This stipulation was "contingent upon the Court entering an order in substantially the form attached as Exhibit A." Attached to the Stipulation as Exhibit A was a Proposed Order purportedly granting Direct Purchasers' Motion for Class Certification. Rather than the Proposed Class, however, the Proposed Order requested certification of a substituted class, described as:

---

[1] The essential facts leading up to class certification are set out in my Class Certification Opinion (Doc. 161).

> All persons or entities in the United States and its territories who purchased Flonase nasal spray directly from Defendant (or any of its predecessors or affiliates) at any time from May 19, 2004 until March 6, 2006, excluding defendant, its predecessors, officers, directors, management, employees, subsidiaries, parent or affiliates, and governmental entities or person.

(the "Substituted Class"). The Stipulation did not call any attention to the fact this class definition was different than that of the Proposed Class. The Stipulation also did not contain any assurances that the same facts and analysis presented by the Direct Purchasers in support of the Proposed Class applied to the Substituted Class.

After several delays at the request of the parties, I held a hearing on class certification on October 20, 2010. The parties submitted to the Court a binder of materials supporting class certification. The binder included the portion of the Direct Purchasers' Class Certification Motion specifically requesting certification of the Proposed Class. The Binder also contained portions of the Memorandum of Law and expert reports that were filed in support of certification of the Proposed Class. Nothing in the binder and no testimony at the hearing indicated that the parties were in fact requesting certification of the Substituted Class. Not once at the hearing did either party note that the materials submitted to justify certification of the Proposed Class also applied to the Substituted Class.

After the hearing, I turned to the task of determining whether class certification was appropriate under Rule 23. At that point, the parties had not revised their filings in light of their Stipulation. I had before me the Motion for Class Certification requesting certification of the Proposed Class. All of the materials that the Direct Purchasers placed before the Court, including their Memorandum of Law and their supporting exhibits, were filed to support certification of the Proposed Class. On November 10, 2010, I certified the Proposed Class—the class the Direct Purchasers had moved this Court to certify, and the class that was supported by

all of the evidence and arguments presented in the Direct Purchasers' briefs and oral arguments. Now, the parties jointly ask that I simply change the class definition in light of their Stipulation.

## II. DISCUSSION

The Supreme Court and the Third Circuit has made clear that a court has an independent duty to engage in "rigorous analysis" to determine whether a proposed class meets the requirements of Rule 23. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 320 (3d Cir. 2008). "A party's assurance to the court that it intends or plans to meet the requirements is insufficient." Hydrogen Peroxide, 552 F.3d at 319. Joint assurances fare no better.

I issued a lengthy, published Opinion after carefully considering all of Direct Purchasers' evidence that the Proposed Class met the requirements of Rule 23. The parties now ask me to modify the class after the fact. The parties state that the primary difference between the Proposed Class and the Substituted Class is that the Substituted Class has an end date of March 6, 2006. The Substituted Class also contains a laundry list of parties that have been excluded from the class, including "the defendant, its predecessors, officers, directors, management, employees, subsidiaries, parent or affiliates, and governmental entities or person." I cannot rubber stamp these substantive changes to the class parameters simply because the parties have asked nicely.

The parties have provided no indication of how or whether either of these modifications affects my analysis. It is absolutely unclear whether the Substituted Class affects any of the substantive requirements of Rule 23(a) or Rule 23(b)(3), or even whether this Substituted Class includes the same thirty-three members as the Proposed Class. It is an iron-clad rule that "a class action may not be certified without a finding that each Rule 23 requirement is met." Id. at 310.

This is a class action, and I have an obligation to all members of the class to determine that the Substituted Class is proper before I can grant a motion to modify the class definition.

I **DENY** the Joint Motion to Modify Class without prejudice. If the parties wish to modify the class, they must explain how the Substituted Class comports with Rule 23. Specifically, they must explain whether and how the differences between the Proposed Class and the Substituted Class affect the arguments in the Direct Purchasers' Memorandum of Law in Support of Class Certification, the conclusions in the Direct Purchasers' class certification expert reports, and the conclusions in my November 10, 2010 Order certifying the Proposed Class.

_____
ANITA B. BRODY, J.

11/24/10

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:

O:\ABB 2010\A - K\Flonase Direct - Order denying Motion to Modify.wpd