**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE FLONASE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Direct Purchaser Actions | Case No. 08-cv-3149 (Direct)<br><br>**Hon. Anita B. Brody** |

**ORDER GRANTING**
**MOTION FOR PRELIMINARY**
**APPROVAL OF SETTLEMENT**

Before the Court is Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement (the "Motion") (08-cv-3419 Doc. No. 480). I have considered the Motion and the supporting memorandum of law exhibits.

The ultimate approval of a class action settlement requires a finding that the settlement is fair, adequate, and reasonable. *Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 965 (3d Cir. 1983). "In evaluating a proposed settlement for preliminary approval, however, the Court is required to determine only whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." *Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007) (internal quotation marks omitted). The proposed Settlement Agreement satisfies this standard. [1]

---

[1] A hearing at this stage is neither necessary nor required under Fed. R. Civ. P. 23(e). The Manual for Complex Litigation, § 21.632 (4th ed. 2005) states that, "in some cases, [preliminary approval] can be

IT IS HEREBY **ORDERED** as follows:

1.      The Court has jurisdiction over this action and the parties, Plaintiffs American Sales Company, Inc., Meijer, Inc., and Meijer Distribution, Inc. ("plaintiffs"), the direct purchaser class, and defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK").

2.      On November 10, 2010, as modified by the February 9, 2011 Order, the Court certified a class of direct purchasers of Flonase, defined as:

> All persons or entities in the United States and its territories who purchased Flonase nasal spray directly from Defendant (or any of its predecessors or affiliates) at any time from May 19, 2004 until March 6, 2006, excluding defendant, its predecessors, officers, directors, management, employees, subsidiaries, parent or affiliates, and government entities or persons.[2]

Pursuant to the Court's Class Certification Order, Court-approved notice was disseminated by First Class mail to all members of the Class and publication of the notice was made in the industry publication known as *The Pink Sheet* and in *The Pink Sheet* electronic newsletter.  No class member requested exclusion from the class.  The class as certified on February 9, 2011 is hereinafter referred to as the "Class."

3.      Upon review of the record and the settlement documents, the Court finds that the proposed settlement, which includes a cash payment of $150 million by GSK into an escrow account for the benefit of the plaintiffs and the Class ("settlement fund") in exchange for, *inter alia,* dismissal of the litigation with prejudice and certain releases of claims against GSK by plaintiffs and the Class as set forth in the settlement agreement, was arrived at by arm's-length

---

made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties." My four-year oversight of this litigation and close involvement with the settlement process provides further assurance that the proposed resolution has "no obvious deficiencies and the settlement falls within the range of reason." *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 438 (E.D. Pa. 2008).
[2] 11/10/2010 Order [Dkt. No. 161] as modified by 2/9/2011 Order [Dkt. No. 215].

negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the fairness hearing provided for below.

4.      The Court finds that the proposed form of notice to Class members of the proposed settlement (attached as Exhibit C to Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval) and the proposed method of dissemination of notice by first class mail and publication in *The Pink Sheet* and *The Pink Sheet* electronic newsletter satisfy Fed. R. Civ. P.  23(e) and due process and are otherwise fair and reasonable, and are therefore approved.

5.      The Court finds that because prior notice of class certification, disseminated by first class mail to all Class members on May 9, 2011, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and because the prior notice of class certification provided an opt-out period that closed July 8, 2011, there is no need for an additional opt-out period pursuant to Fed. R. Civ. P. 23(e)(4).

6.      The settlement administrator, at the direction of class counsel, shall cause the notice substantially in the form annexed to the Memorandum in Support of Preliminary Approval as Exhibit C to be disseminated no later than February 14, 2013, by first-class mail to the last known address of each Class member.  The settlement administrator, at the direction of class counsel, shall, as soon as practicable following entry of this Order, publish the summary notice once in *The Pink Sheet* and twice in *The Pink Sheet* electronic newsletter.

7.      The Court appoints Rust Consulting, Inc. to serve as settlement administrator and to assist class counsel in disseminating the notice to the Class.  All expenses incurred by the settlement administrator must be reasonable, are subject to Court approval, and shall be payable

solely from the settlement fund.  The settlement administrator shall establish a website for the purpose of advising the Class about the settlement.  The Declaration of Dan Coggeshall of Rust, setting forth Rust's qualifications to serve as settlement administrator, is attached as Exhibit F to Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval.

8.      The Court appoints The Huntington National Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the settlement sum.  All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the settlement fund.  A copy of the Escrow Agreement executed by The Huntington National Bank and counsel for the parties is attached as Exhibit G to Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval.

9.      A hearing on final approval (the "fairness hearing") shall be held before this Court on June 3, 2013, at 2:30 p.m., in the courtroom assigned to the Honorable Anita B. Brody, James A. Byrne United States Courthouse, 601 Market Street, Courtroom 7-B, Philadelphia PA 19106-1729.

10.      At the fairness hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the settlement; (b) the proposed plan of distribution of the settlement fund among Class members; (c) the proposed claim form and process to be used for the distribution of the settlement funds; (d) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to class counsel; (e) whether an incentive award should be awarded to the named plaintiffs, and in what amount; and (f) whether entry of a final judgment terminating this litigation should be entered.

11.      In the event the fairness hearing is rescheduled or continued, the Court will furnish all counsel with appropriate notice, and class counsel shall be responsible for

communicating any such notice promptly to the Class by posting conspicuous notice on the website established by the settlement administrator for the purpose of advising the Class about the settlement.

12.     All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses and incentive awards for the plaintiffs shall be filed with the Court no later than February 14, 2013.

13.     Class members who wish to object with respect to the proposed settlement must first send an objection and, if intending to appear at the fairness hearing, a notice of intention to appear, along with a summary statement outlining the position to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia PA 19106-1729 with copies to the following counsel:

*On behalf of plaintiffs and the direct purchaser class*:

Thomas M. Sobol
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
(617) 482-3700

Joseph H. Meltzer
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

*On behalf of defendant GSK*:

Stephen J. Kastenberg
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

To be valid, any such objection or notice of intention to appear and summary statement must be postmarked no later than March 15, 2013.  Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed settlement.  All persons and entities

who fail to file an objection as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and, unless such persons or entities file a notice of intention to appear and a summary statement, will not be heard at the fairness hearing.

14.     All briefs and materials in support of the final approval of the settlement and the entry of final judgment proposed by the parties to the settlement agreement shall be filed with the Court no later than March 30, 2013.

15.     All proceedings in this action are hereby stayed until such time as the Court renders a final decision regarding the final approval of the settlement and, if it finally approves the settlement, enters final judgment and dismisses the action with prejudice.

16.     In the event that the settlement does not become final, then litigation of this action will resume in a reasonable manner to be approved by the Court upon joint application by plaintiffs and GSK as necessary.

17.     In the event the settlement agreement and the settlement are terminated and/or rescinded in accordance with the applicable provisions of the settlement agreement, the settlement agreement, the settlement, and all related proceedings shall, except as expressly provided to the contrary in the settlement agreement, become null and void, shall have no further force and effect, and plaintiffs shall retain full rights to assert any and all causes of action against GSK and any other released party, and defendant GSK shall retain any and all defenses and counterclaims hereto.  This action shall hereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the settlement agreement and shall proceed as if the settlement agreement and all other related orders and papers had not been executed by plaintiffs and GSK.

18.     Neither the settlement agreement nor any other settlement-related document nor anything contained therein or contemplated thereby nor any proceedings undertaken in accordance with the terms set forth in the settlement agreement or in any other settlement-related document shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by GSK as to the validity of any claim that has been or could have been asserted against GSK or as to any liability by GSK as to any matter set forth in this Order.

BY THE COURT:

Dated: _____          s/Anita B. Brody
           1/14/2013              _____
                                  Anita B. Brody, J.

O:\ABB 2013\A - K\Flonase Prelim Approval Order - DIRECTS.docx

7